**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STARLISA DELAINE,

    Petitioner,                              Civil No. 05-CV-40365-FL
                                                     HONORABLE PAUL V. GADOLA
v.                                           UNITED STATES DISTRICT JUDGE

CLARICE STOVALL,

    Respondent,

_____/

**OPINION AND ORDER DENYING PETITION**
**FOR WRIT OF HABEAS CORPUS**

Starlisa Delaine, ("petitioner"), presently confined at the Scott Correctional Facility in Plymouth, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her *pro se* application, petitioner challenges her conviction on one count of armed robbery, M.C.L.A. 750.529; M.S.A. 28.797. For the reasons stated below, petitioner's application for writ of habeas corpus is summarily denied.

**I.  Background**

Petitioner was convicted of the above offense following a bench trial in the Wayne County Circuit Court.

This Court will recite the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming her conviction, which are presumed correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001). However, due to the brevity of the Michigan Court of Appeals' recitation of the facts, the

Court will also include facts from petitioner's state court appellate brief, which is attached to her petition, when discussing the facts of the case. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 714, n. 1 (E.D. Mich. 2004).

Brian Hamlin testified that he was driving down Woodward Avenue in Detroit, Michigan on February 3, 2003. Hamlin allowed petitioner, who was waiving him down, to get into his car. Hamlin denied knowing that petitioner was a prostitute, although he acknowledged familiarity with prostitution in that part of Detroit. Hamlin testified that he was on his way to file a job application. Hamlin testified that he thought petitioner looked like a nice old woman whom he wanted to help get out from the rain.

Hamlin testified that once inside of the car, petitioner placed a knife to his neck and demanded his money. Hamlin drove up Woodward Avenue to a bank which was next door to the Ferndale Police Department. While waiting at the ATM machine, Hamlin exited his vehicle and ran next door to the police station to report that he was being robbed. Police officers were dispatched and petitioner was arrested at the scene. Hamlin indicated that his sunglasses and a Cambridge folder had been taken from him. Hamlin admitted that he kept box cutters in the glove compartment of his vehicle.

Police officers testified that while petitioner was being arrested and searched, a knife fell from a bra underneath her shirt.

Petitioner testified that she was a prostitute who was working on Woodward Avenue on the day of the incident. Petitioner testified that she did not get into Hamlin's car with a knife. Petitioner testified that she had simply insisted that Hamlin pay her for soliciting

when he touched her breasts after she got into his car. When Hamlin stated that he did not have any money, petitioner told him to get some money or she would flag down a police officer and have him arrested for soliciting a prostitute. Petitioner theorized that Hamlin drove out of Detroit to Ferndale to avoid being arrested. Petitioner testified that she took the knife from Hamlin's car after he got out, along with his folder and sunglasses, so that she could sell the items to obtain the money for cab fare for a ride downtown where Hamlin had promised to take her. Petitioner denied committing an armed robbery, claiming that at most, she was guilty of larceny from a person.

The trial court judge found the victim's testimony more credible than petitioner's testimony and found petitioner guilty of armed robbery.

Petitioner's conviction was affirmed on appeal. *People v. Delaine,* 249193 (Mich.Ct.App. November 9, 2004); *lv. den.* 473 Mich. 882; 699 N.W. 2d 700 (2005). Petitioner seeks the issuance of a writ of habeas corpus on the following ground:

> There was insufficient evidence to convict petitioner of armed robbery in the absence of compelling evidence that she was armed.

## II. Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable

>determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No return to a habeas petition is necessary when the petition is

4

frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970).

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's sufficiency of evidence claim is meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005); *See also U.S. ex. rel. DeCreti v. Wilson,* 967 F. Supp. 303, 305 (N.D. Ill. 1997)(summarily dismissing sufficiency of evidence claim pursuant to Rule 4, where it plainly appeared from the petition and the exhibits that petitioner was not entitled to relief on that claim).

### III. Discussion

Petitioner claims that there was insufficient evidence to convict her of armed robbery, largely because the victim's testimony was not credible.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002). The scope of review in a federal habeas

proceeding to the sufficiency of evidence in a state criminal prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *Terry v. Bock,* 208 F. Supp. 2d 780, 794 (E.D. Mich. 2002). Finally, a habeas court does not substitute its own judgment for that of the finder of fact. *See Alder v. Burt,* 240 F. Supp. 2d 651, 661 (E.D. Mich. 2003).

The elements of armed robbery under Michigan law are: (1) an assault, and (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute. *See Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004)(citing M.C.L.A. 750.529; *People v. Allen*, 201 Mich. App. 98, 100; 505 N.W. 2d 869 (1993)).

In the present case, there was sufficient evidence for a rational trier of fact to conclude that petitioner committed an armed robbery. The victim testified that petitioner placed a knife to his throat and demanded his money. The victim drove petitioner to an ATM machine, where he got out of his car and notified the police. When the police arrested petitioner, they recovered a knife from petitioner. The victim testified that his sunglasses and folder had been taken from him. These facts establish the elements of armed robbery beyond a reasonable doubt.

Petitioner's primary argument is that the trial court erred in finding the victim to be more credible than her. A court that reviews a sufficiency of evidence claim does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has

been observed by the finder of fact. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). "[D]etermination of the credibility of a witness is within the sole province of the finder of fact and is not subject to review." *Alder,* 240 F. Supp. 2d at 661. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.* In examining a claim of insufficiency of evidence in habeas corpus, a federal court must presume that the factfinder's findings in evaluating the credibility of the witnesses is correct and may ignore the testimony only when it finds it to be "inherently incredible." *Malcum v. Burt,* 276 F. Supp. 2d 664, 686 (E.D. Mich. 2003). Such a finding may be made only where the testimony is 'unbelievable on its face'; *i.e.* testimony as to facts that the witness physically could not possibly have observed or events that could not have occurred under the laws of nature. *Id.*

In the present case, the victim testified that he was robbed at knifepoint by petitioner, while petitioner testified that she did not commit an armed robbery. When evidence in a bench trial "consists largely of contradictory oral evidence, due regard must be accorded the trial court's opportunity to judge the credibility of witnesses." *Bryan v. Government of Virgin Islands,* 150 F. Supp. 2d 821, 827 (D. Virgin Islands 2001). In this case, the trial court judge chose to credit the victim's testimony and not to believe

petitioner's version of events. This Court must defer to the trial court's finding beyond a reasonable doubt that the victim was credible. *Id.* at 828. Petitioner is therefore not entitled to habeas relief on her sufficiency of evidence claim.

## IV. ORDER

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to Rule 4 of the Rules Governing § 2254 cases.

**IT IS FURTHER ORDERED** that if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a MOTION for a COA within **THIRTY (30) DAYS** of filing a Notice of Appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States,* 310 F. 3d 900, 903 (6th Cir. 2002)("*We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA.*")(emphasis added)). Respondent may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **TWENTY (20) DAYS** of service of Petitioner's motion for a COA.

s/Paul V. Gadola
**HON. PAUL V. GADOLA**
**UNITED STATES DISTRICT COURT**

DATED: January 3, 2006

Certificate of Service

I hereby certify that on   January 3, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                                                                                                    , and
I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:           Starlisa Delaine                            .

                                                                    s/Ruth A. Brissaud
                                                                    Ruth A. Brissaud, Case Manager
                                                                    (810) 341-7845